UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALFRED MACK,

                  Plaintiff,      **STIPULATION OF SETTLEMENT,
                                              GENERAL RELEASE, AND ORDER OF
                                              DISMISSAL**

-vs-

KEITH FIFE, JEFFREY KEMP,              22-CV-06066
DENNIS DERUYTER, HARRY HETRICK,
JR., and RICKY GRISWOLD,

                  Defendants.

---

## STIPULATION OF SETTLEMENT, GENERAL RELEASE,
## AND ORDER OF DISMISSAL

**WHEREAS**, this Stipulation of Settlement, General Release, and Order of Dismissal (the "Settlement Agreement") is made by and between Plaintiff Alfred Mack ("Plaintiff"), by and through his counsel, McGuireWoods LLP, and Defendants Keith Fife, Jeffrey Kemp, Dennis DeRuyter, Harry Hetrick, Jr. and Ricky Griswold ("Defendants"), by and through their attorney, Letitia James, Attorney General of the State of New York, Muditha Halliyadde, Assistant Attorney General, of counsel, (Plaintiff and Defendants, collectively, "the Parties")

**WHEREAS**, Plaintiff commenced the above-captioned action (the "Action") on or about February 8, 2022, by filing a complaint asserting claims under 42 U.S.C. § 1983 against Defendants arising from alleged injuries that he sustained while in the custody of the New York State Department of Corrections and Community Supervision (ECF No. 1 (the "Complaint")); and

**WHEREAS**, the Parties having been desirous to fully resolve the Action, and discontinue the litigation with prejudice, including all claims and counterclaims, and having negotiated in good faith for that purpose; and

1

**WHEREAS**, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties as follows:

1. **Dismissal of the Action with Prejudice.** The parties hereby agree that the Action, and all claims and counterclaims asserted therein, are dismissed with prejudice, pursuant to Rule 41(a) and (c) of the Federal Rules of Civil Procedure and subject to the terms set forth herein.

2. **Payments to Plaintiff.** For and in consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to the reservations set forth in Paragraph 7, the New York State Department of Corrections and Community Supervision ("DOCCS"), on behalf of Defendants, shall pay the total sum of <u>One Hundred and Twenty-Six Thousand Dollars</u> ($126,000.00), for which the Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, as follows:

    a. DOCCS, on behalf of Defendants, shall pay the gross sum of One Hundred and Twenty-Six Thousand Dollars ($126,000.00) in full and complete satisfaction of any and all claims, allegations, or causes of action for damages (including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages,

and liquidated damages), arising from the transactions and events described in the Complaint filed in this Action. The foregoing payment shall be made payable to "Alfred Mack" and mailed to Katherine Garland, McGuireWoods LLP, 1251 Avenue of the Americas, 20th Floor, New York, NY 10020-1104.

3. **State Approval of Payments.** Payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all documentation requested with respect to obtaining such approval as set forth in Paragraph 7.

4. **Accrual of Interest.** Payment of the amount recited in Paragraph 2 herein should be made within one hundred (120) days after the Settlement Agreement is So Ordered and the documentation required under Paragraph 7 is provided to the Office of Attorney General. In the event that payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is not timely made in accordance with this Paragraph, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after the Settlement Agreement is So Ordered and the Office of the Attorney General is in receipt of documentation required under Paragraph 7 of the Settlement Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiff and the payment to Plaintiff of any amount(s) specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

5. **Responsibility for Taxes.** It is understood and agreed that any taxes, or

3

interest or penalties on taxes, which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6. **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such

taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7. **Medicare Certification.** Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affidavit by the Office of the Attorney General, together with any required supporting documentation, is a prerequisite to payment of the settlement amount(s) referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described throughout this Settlement Agreement. Upon receipt of all required documentation establishing an absence of any conditional or future anticipated Medicare payments due or owing, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein. If the required documentation shows that conditional or future anticipated Medicare payments have not been satisfied, Defendants and the State of New York reserve the right, upon notice to Plaintiff, to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare with respect to the settlement amount(s) specified in Paragraph 2 of this Settlement Agreement. Plaintiff agrees to defend, indemnify, and hold harmless Defendants and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or

5

official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action.

8. **Release as to Defendants.** For and in consideration of the payment of $126,000.00, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (the "Releasing Plaintiff") hereby releases, exonerates and forever discharges each of the Defendants, and any and all current or former employees, officers, and/or representatives of the State of New York, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators, and assigns, and the State of New York and the New York State Department of Corrections and Community Supervision (the "Released Defendants"), from any and all claims, known or unknown, whether presently asserted or not, including but not limited to state, federal or administrative claims, liabilities, and causes of actions, which relate in any way to the subject matter of the Action, and further agrees to discontinue and/or not to commence or pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against Defendants and others released hereby pertaining to the underlying facts, circumstances or incidents in this Action, or any injuries sustained thereby. This release includes a waiver and release of any claims related to any and all allegations made against the State of New York, its agencies, departments, employees, and officials in the New York Court of Claims, and any other forum, related to and arising from any of the transactions, acts, omissions, and occurrences alleged in this Action, up to and including the date of this Agreement.

9. **Release as to Plaintiff.** For and in consideration of the dismissal of the Action with prejudice, Defendants, and any of their agents, assigns, attorneys, heirs, executors, administrators and representatives, hereby release, exonerate and forever

6

discharge Plaintiff, and his agents, assigns, attorneys, heirs, executors, administrators, and representatives, from any and all liabilities, causes of action, claims, counterclaims, demands, losses, damages, costs, expenses and attorneys' fees of whatever kind or nature, whether known or unknown or suspected or unsuspected, whether presently asserted or not, including but not limited to liabilities, and causes of actions, which relate in any way to the subject matter of the Action, and further agree to discontinue and/or not to commence or pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against Plaintiff released hereby pertaining to the underlying facts, circumstances, or incidents in this Action, or any results thereof, including any injuries allegedly sustained related to the allegations in the Complaint, Defendant Keith Fife's Amended Answer and Counterclaims filed in this Action (ECF No. 17), and any other filings and proceedings in this Action.

**10.    No Other Action or Proceeding.** Other than the Action, Plaintiff represents that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind, relating to the subject matter of the Action, that is still pending against the Released Defendants as of the date that this Settlement Agreement is entered, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement. If such action exists, Plaintiff further agrees to release and discontinue all actions against the Defendants, the New York State Department of Corrections and Community Supervision, the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all

claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, with prejudice and shall execute a separate document discontinuing each such lawsuit that can be filed once executed by the Plaintiff and "So Ordered" by the Court.

11. **No Attorneys.** Plaintiff represents and warrants that he is not aware of any attorneys who have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12. **No Prevailing Party.** Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

13. **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims or counterclaims in the Action or as constituting any admission of wrongdoing or liability on the part of Plaintiff, Defendants, the New York State Department of Corrections and Community Supervision or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendants, the New York State Department of Corrections and Community Supervision or the State of New York (including, but not limited

to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

**14.   No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants, the New York State Department of Corrections and Community Supervision or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

**15.   Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**16.   Voluntary Agreement.** The Parties represent that they have carefully read and fully understand all provisions of this Settlement Agreement, including the Releases at Paragraphs 8 and 9. The Parties represent that they have executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledge that they understand its terms, contents, and effect. The Parties

9

acknowledge that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

17. **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

18. **Binding Effect on Successors and Assigns.** The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

19. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties hereto or an authorized representative of the Parties hereto.

20. **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply.

21. **Severability.** If any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

22. **Headings.** The headings contained in this Settlement Agreement are for

convenience of reference only and are not a material part of this Settlement Agreement.

23. **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

24. **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: June 12, 2024

McGuireWoods LLP
*Attorney for Plaintiff*


_____
KATHERINE GARLAND, ESQ.
McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
kgarland@mcguirewoods.com

Dated: June 10, 2024

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*


_____
MUDITHA HALLIYADDE, ESQ.,
Assistant Attorney General, Of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Muditha.halliyadde@ag.ny.gov

11

IT IS SO ORDERED,

Dated: June 20, 2024
Rochester, New York

_____
HON. DAVID G. LARIMER
United States District Court Judge